**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**David S. O'BRIEN, Respondent.**

**No. 2008–SC–000550–KB.**

Supreme Court of Kentucky.

Oct. 23, 2008.

## OPINION AND ORDER

A trial commissioner appointed pursuant to SCR 3.230 has returned a report in the current disciplinary proceedings against Respondent, David S. O'Brien, who was admitted to practice law in Kentucky on October 21, 1976, whose Bar Roster Address is 125 South 6th Street, Louisville, Kentucky 40202, and whose KBA Member Number is 52223. The trial commissioner recommends that Respondent be suspend-

---

ed for 30 days, make restitution to his client, and be required to attend remedial ethics education.

The charge against Respondent stems from his representation of Austin Merriweather Sr. in a child support matter. The Charge against O'Brien included three counts: (1) that he violated SCR 3.130–1.3 when he failed to take action in his client's case, (2) that he violated SCR 3.130–1.4(a) when he failed to respond to his client's inquiries and failed to contact his client, and (3) that he violated SCR 2.130–8.1(b) when he failed to respond to three demands for information sent by the disciplinary authority in the form of letters dated November 23, 3004, December 3, 2004, and January 5, 2005.

Respondent acknowledged that the client paid him a $100 retainer to review Jefferson County court records and to relay any information therein regarding a child-support arrearage, if any existed. He claimed to have reviewed the relevant files and found that the client appeared to owe child-support arrearages. He also claimed that he advised the client of the arrearage and that he believed he kept the client reasonably informed and spoke with the client on the telephone multiple times. O'Brien also admitted that he received correspondence from bar counsel and was remiss in failing to respond.

The trial commissioner was appointed and a hearing was held at which the client, a deputy bar counsel, and Respondent testified and several exhibits were admitted. Based on the evidence presented, the trial commissioner entered the following findings of fact:

1. The respondent was paid $100.00 by Austin Merriweather, Sr. to investigate whether he owed child support arrearages and if so, how much was the arrearage.

2. The retainer received was not unreasonable.

3. There was no written fee agreement or contract between Respondent and Mr. Merriweather.

4. The Respondent did investigate on behalf of Mr. Merriweather whether he had an arrearage, if so how much, and [whether] the alleged arrearage was accurate.

5. The Respondent did not keep his client reasonably informed about the status of the matter and did not properly comply with reasonable requests for information.

6. The Respondent in connection with a disciplinary matter, failed to respond to a lawful demand for information from an admissions or disciplinary authority, having failed to respond to three letters from the Office of Bar Counsel requesting information about his handling of Mr. Merriweather's legal matters.

The trial commissioner concluded that Respondent did not violate SCR 3.130–1.3, but that he did violate SCR 3.130–1.4(a) by failing to respond to his client's inquiries and SCR 3.130–8.1(b) by failing to respond to demands for information from the Office of Bar Counsel.

In recommending a sanction, the trial commissioner also reviewed Respondent's prior discipline, which included a suspension for CLE non-compliance and nonpayment of dues in 1990, a private admonition in 2002, and a 90–day suspension in 2006.

Neither Respondent nor Bar Counsel Respondent appealed the trial commissioner's determination, so the matter came directly to this Court (rather than to the Board of Governors) pursuant to SCR 3.360(4). Because the trial commissioner's findings and conclusions are supported by the record and the law, and because the

sanction recommended is appropriate in light of Respondent's history of prior discipline, this Court elects not to review them as allowed under to SCR 3.370(9). The decision of the trial commissioner is therefore adopted pursuant to SCR 3.370(10).

Respondent therefore is found to have violated SCR 3.130–1.4(a) by failing to respond to his client's inquiries and SCR 3.130–8.1(b) by failing to respond to demands for information from the Office of Bar Counsel.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, David S. O'Brien, is suspended from the practice of law in the Commonwealth of Kentucky for 30 days from the date of the entry of this order.

(2) Respondent shall make restitution to Austin Merriweather, Sr., in the amount of $100.

(3) Respondent shall attend the next Ethics and Professional Enhancement Program offered by the Office of Bar Counsel. Respondent will not apply for CLE credit of any kind for his attendance at the Ethics and Professional Enhancement Program, and is required to furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the remedial education, in order to allow the Office of Bar Counsel to verify that Respondent has not reported any hours to the CLE Commission that are taken as remedial education.

(4) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $399.59, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 23, 2008.

/s/ John D. Minton
Chief Justice